## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SHANTE BOWLES,          )
                                  )
          Movant,         )
                                  )
v.                               )          **CIVIL ACTION NO. 2:15-05268**
                               )          **(Criminal No. 2:07-00133)**
UNITED STATES OF AMERICA,   )
                                  )
          Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on April 27, 2015.[1] (Document No. 55.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 58.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 62.)

### FACTUAL AND PROCEDURAL BACKGROUND

**A.    Criminal Action No. 2:07-00133:**

On March 10, 2008, Movant pled guilty to one count of Distribution of Five Grams or More of Cocaine Base (Count One) in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2:07-00133, Document Nos. 19 – 21.) A Presentence Investigation Report was prepared. (Id., Document No. 53.) The District Court determined Movant had a Base Offense Level of 30, and a Total Offense Level of 31, the Court having applied the following: An enhancement to an adjusted offense level of 34 pursuant to U.S.S.G. § 4B1.1 because Movant met the criteria for career offender status; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document No. 43.) Movant was sentenced on June 3, 2008. (Id., Document Nos. 29 and 30.) The District Court ordered that Movant serve a total term of 188 months of incarceration to be followed by a four-year term of supervised release.[2] (Id.) The District Court also imposed a $100 special assessment. (Id.)

On June 13, 2008, Movant filed a Notice of Appeal. (Id., Document No. 33.) Counsel filed an Anders Brief challenging the reasonableness of Movant's sentence. Movant was advised of his right to file a *pro se* supplemental brief, but Movant failed to do so. On June 15, 2009, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id., Document No. 47.); United States v. Bowles, 332 Fed.Appx. 63 (4th Cir. 2009). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

**B.    Section 2255 Motion:**

On April 27, 2015, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Declaration in Support, and Memorandum in Support. (Civil Action No. 2:15-05268, Document Nos. 55 and 56.) As grounds for *habeas* relief, Movant first argues that he is "actually innocence of being a career offender,

---

[2] The District Court determined that Movant was subject to the advisory guideline range of 188 to 235 months. (Criminal Action No. 2:07-000133, Document No. 32.) The District Court sentenced Movant at the bottom of the Guideline Range. (*Id.*)

which is a fundamental miscarriage of justice." (Id., Document No. 56, pp. 1 – 4.) Citing

Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and United

States v. Simmons, 649 F.3d 237 (4th Cir. 2011), Movant alleges that he is actually innocent of

being a career offender under the Sentencing Guidelines.[3] (Id.) Movant contends that his prior

West Virginia State convictions for possession with intent to deliver can no longer be regarded as

controlled substance offense sufficient for a career offender enhancement pursuant to U.S.S.G. §

4B1.1(a). (Id.) Second, Movant argues that he was subjected to ineffective assistance of counsel.

(Id., pp. 4 – 5.) Movant contends that counsel failed to object to his sentencing enhancement based

upon Booker, Apprendi, Blakely, and Alleyne. (Id.) Citing Booker, Apprendi, Blakely, and

Alleyne, Movant explains that counsel should have argued that "any factor that increases the

defendant's sentence must be presented to a jury." (Id.) Finally, Movant requests that his sentence

be reduced pursuant to Amendment 782.[4] (Id., pp. 5 – 6.)

On June 27, 2016, Movant filed what this Court construes as a Supplement to his Section

2255 Motion. (Id., Document No. 63.) Specifically, Movant argues that his career offender

---

[3] A review of Movant's Presentence Report reveals that that he had a West Virginia State conviction for Possession with Intent to Deliver a Controlled Substance (99-F-131) and a West Virginia State conviction for Felony Possession with Intent to Deliver Cocaine (99-F-240). Movant received sentences of 1 to 15 years on each, to run concurrently. (Document No. 43, p. 7.)

[4] To the extent Movant is requesting relief pursuant to Amendment 782 of the Sentencing Guidelines, his request is not properly raised in a Section 2255 Motion. Section 2255 is the properly vehicle to challenge a sentence as being unconstitutional, in excess of the applicable statutory maximum, or that results in a complete miscarriage of justice. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). The application of Amendment 782 does not fall within the foregoing. Movant is advised that a request for retroactive application of a sentencing guideline amendment is appropriately raised in a Section 3582(c) Motion (18 U.S.C. § 3582). United States v. Mann, 435 Fed.Appx. 254 (4th Cir. 2011)("When the Sentencing Commission retroactively lowers the Guidelines range, the scheme that § 3582(c) establishes provides a district court with one – and only one – opportunity to apply the amendment to the Guidelines and modify the sentence.").

sentencing enhancement should be vacated based upon <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

## <u>ANALYSIS</u>

**1.**    **<u>Timeliness</u>:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion       by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims        presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

**A. Section 2255(f)(1):**

The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). The Fourth Circuit affirmed Movant's conviction and sentence on June 15, 2009, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (September 15, 2009). On April 27, 2015, more four years and seven months after the one-year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 2:07-00133. (Civil Action No. 2:15-05268, Document No. 55 and 56.) Movant's

Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.[5]

**B.  Section 2255(f)(3):**

Next, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief "based on a new rule of constitutional law, previously unavailable, made retroactive." Movant relies upon <u>Simmons</u>, <u>Alleyne</u>, <u>Descamps</u>, and <u>Johnson</u> in support of the foregoing. The undersigned first notes that <u>Simmons</u> is a decision issued by the Fourth Circuit Court of Appeals. Movant, therefore, fails to indicate a right that has been newly recognized by the Supreme Court and made retroactive applicable to cases on collateral review. Accordingly, the undersigned finds that Section 2255(f)(3) is inapplicable as to Movant's claim based upon <u>Simmons</u>.

Next, the undersigned will consider <u>Alleyne</u> and <u>Descamps</u>. In <u>Alleyne</u>, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[6] The undersigned, therefore, will consider whether <u>Alleyne</u> is retroactive for purposes of collateral review. <u>Alleyne</u> establishes a new rule of criminal procedure, rather than a substantive change in the law. <u>Harris v. United States</u>, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. <u>Teague v. Lane</u>, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that <u>Alleyne</u> is not retroactive for purposes of collateral review. <u>United States v. Stewart</u>, 2013 WL 5397401 (4th Cir. Sep. 27,

---

[5]  Movant presents no arguments supporting a claim that his Motion is timely pursuant to Section 2255(f)(2).

[6]  *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The undersigned notes that *Apprendi* is not retroactive on collateral review.

2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); <u>also</u> <u>see</u> <u>Crayton v. United States</u>, 799 F.3d 623, 624 (7th Cir. 2015); <u>United States v. Redd</u>, 735 F.3d 88, 92 (2nd Cir. 2013); <u>Simpson v. United States</u>, 721 F.3d, 875 (7th Cir. 2013); <u>Manning v. United States</u>, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); <u>Muhammad v. Purdue</u>, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); <u>United States v. Reyes</u>, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); <u>United States v. Eziolisa</u>, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon <u>Alleyne</u>.

In <u>Descamps v. United States</u>, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." <u>Descamps</u>, however, does not create a new rule of constitutional law made retroactive to cases on collateral review. <u>See</u> <u>Morris v. Masters</u>, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber); <u>Payton v. United States</u>, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016); <u>Briscoe v. United States</u>, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015); <u>United States v. Sanders</u>, 2013 WL 5707808 (N.D.Ohio Oct. 18, 2013); <u>Roscoe v. United States</u>, 2013 WL 5636686 (N.D.Ala. Oct. 16, 2013); <u>Reed v. United States</u>, 2013 WL 5567703 (M.D.Fla. Oct. 9, 2013); <u>Landry v. United States</u>, 2013 WL 5555122 (W.D.Tex. Oct. 4, 2013). Additionally, Movant was not sentenced under the ACCA nor was his sentence enhanced under the Guidelines based upon a past conviction for a "violent felony." Therefore, the undersigned finds that Movant is not entitled to *habeas* relief based upon <u>Descamps</u>.[7]

---

[7] Movant further appears to rely upon *Moncrieffe v. Holder*, 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). In *Moncrieffe*, the Supreme Court considered whether a noncitizen's prior conviction qualified as an "aggravated felony" for purposes of deportation under the Immigration

Finally, the undersigned will consider Movant's argument that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18

---

and Nationality Act ("INA"). *Id.* Under the INA, an "aggravated felony" includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Thus, a "drug trafficking crime" under Section 924(c) "means any felony punishable under the Controlled Substances Act ("CSA")." *Id.* The government sought to deport Moncrieffe arguing that his "possession of marijuana with intent to distribute is an offense under the CSA, 21 U.S.C. § 841(a), punishable by up to five years imprisonment, § 841(b)(1)(D), and thus an aggravated felony." *Id.* The Supreme Court concluded that Moncrieffe's minor marijuana offense did not qualify as a "drug trafficking crime" within the meaning of 18 U.S.C. § 924(c) and therefore did not qualify as an "aggravated felony" under the INA. *Id. Moncrieffe*, however, is inapplicable to the instant case as *Moncrieffe* did not interpret a statutory term relevant to Movant's case (21 U.S.C. § 841). The term "felony drug offense" within the meaning of Section 841(b)(1) has a broader definition than the term "drug trafficking crime" as used in Section 924(c)(2) and interpreted in *Moncrieffe*. *Holman v. United States*, 2016 WL 6304727, * (M.D.N.C. Oct. 27, 2016)(finding that petitioner's reliance on *Moncrieffe* to be misplaced because the ACCA contains its own definition of predicate felony drug offenses, under which petitioner convictions clearly fell); *Gastelum v. United States*, 2013 WL 3166200, * 4 (E.D.Cal. June 20, 2013)(*Moncrieffe* inapplicable to determining whether a prior state crime qualifies as a "drug trafficking offense" under the guidelines because *Moncrieffe* addressed "aggravated felony" under the INA). Furthermore, case law indicates that *Moncrieffe* is not retroactive to cases on collateral review. *Alzamore v. Vazquez*, 2017 WL 3044666, * 2 (E.D.Tx. June 26, 2017); *Stallings v. Butler*, 2016 WL 8732176, * 3 (E.D.Ky. Aug. 5, 2016); *Griffin v. Warden*, 2015 WL 929412, * 3 (W.D.La. March 3, 2015).

U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to career offenders sentenced under the Guidelines. U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." In the instant case, however, Movant's guideline range was not enhanced pursuant to the "residual clause" of U.S.S.G. § 4B1.2(a)(2).[8] The record reveals that Movant's sentence was enhanced because (1) Movant was at least 18 years of age at the time of his underlying offense; (2) the count of conviction was a felony

---

[8] Based upon the identical definitions of "crime of violence" in Section 4B1.2(a)'s "residual clause" and "violent felonies" in the ACCA's "residual clause," Movant appears to argue that Johnson applies retroactively and the "residual clause" of Section 4B1.2(a) of the Guidelines is unconstitutionally vague. The "residual clause" in U.S.S.G. § 4B1.2(a) is textually identical to the "residual clause" of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)). U.S.S.G. § 4B1.2(a) defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) is burglary of a dwelling, arson, or extortion, involves the use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" U.S.S.G. § 4B1.2(emphasis added). The italicized portion above is known as the "residual clause" of Section 4B1.2. Identical to Section 4B1.2(a)'s "residual clause," the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

8

controlled substance offense; and (3) Movant had at least two prior felony controlled substance offenses. Movant's sentence, therefore, was not enhanced based upon the "residual clause" of Section 4B1.2(a)(2). Accordingly, Movant's above claim is without merit. Furthermore, the issue concerning whether <u>Johnson</u> applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of <u>Johnson</u>. <u>Beckles v. United States</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." <u>Id.</u> The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. <u>Id.</u> Accordingly, Movant's argument that the holding of <u>Johnson</u> extends to his sentence as a career offender under the Guidelines is without merit.

### C.    Section 2254(f)(4):

Finally, Petitioner appears to argue that Section 2255(f)(4) applies because the Fourth Circuit's decision in <u>Simmons</u>[9] constitutes a new "fact" supporting the claim. The Fourth Circuit

---

[9]    In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony

9

has specifically addressed the above issue. In <u>Whiteside v. United States</u>, 578 Fed.Appx. 218 (4th Cir. 2014), the Fourth Circuit issued its *en banc* decision wherein it determined that the <u>Simmons</u> decision did not qualify as a new "fact" for purposes of Section 2255(f)(4). <u>Id.</u> at 184. The Fourth Circuit explained "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." <u>Id.</u> The Fourth Circuit further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." <u>Id.</u> Based on the foregoing, the undersigned finds that Section 2255(f)(4) is inapplicable.

### D. Equitably Tolling:

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. <u>United States v. Prescott</u>, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003); <u>see also</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in <u>Harris</u>,

---

conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id*. On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013). The undersigned notes that Movant's case does not involve a Section 922(g) conviction.

*supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time.

Citing Whiteside v. United States, 748 F.3d 541 (4th Cir. April 8, 2014), Movant argues that he is entitled to equitable tolling based upon the Simmons decision. (Document No. 56, p. 8.) In Whiteside, the Fourth Circuit determined that the one-year limitations period for filing a Section 2255 motion could be equitably tolled where the defendant alleged that the career offender

enhancement was erroneous based upon <u>Simmons</u>. <u>Whiteside v. United States</u>, 748 F.3d 541, 548 - 53 (4th Cir. April 8, 2014), <u>rev'd en banc</u>, 2014 WL 7245453 (Dec. 19, 2014). On July 10, 2014, however, the Fourth Circuit granted an *en banc* review of the panel's decision in <u>Whiteside</u>. <u>Whiteside v. United States</u>, 578 Fed.Appx. 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision wherein it determined that equitable tolling was not available based upon petitioner's claim that only unfavorable precedent exited prior to <u>Simmons</u>. <u>Whiteside v. United States</u>, 2014 WL 7245453 (4th Cir. Dec. 19, 2014)(affirming the District Court's dismissal of Whiteside's Section 2255 Motion as untimely). The Fourth Court explained "[t]he standard announced in *Holland* . . . focuses not on whether unfavorable precedent would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all." <u>Id.</u> at 185("It would be anomalous to contend that futility – something the Supreme Court has clearly said cannot serve as cause for procedural default – does nonetheless serve as cause for failure to timely file a § 2255 petition.") The Fourth Circuit, therefore, found that "[a]lthough *Simmons* plainly made a collateral attack on Whiteside's sentence more plausible, nothing prevented Whiteside from filing his petition within the one-year statute of limitations." <u>Id.</u> at 185. Accordingly, the undersigned finds that Movant is not entitled to equitable tolling based upon the decision in <u>Simmons</u>. Similar to <u>Whiteside</u>, Movant appears argues that he is entitled to equitable tolling because it would have been futile to present his claim prior to <u>Simmons</u>. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be

dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

2.    **Actual Innocence:**

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the AEDPA statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 133 S.Ct. 1924, 1926, 185 L.Ed.2d 1019 (2013). A prisoner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S.518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). An actual innocence claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. at 865; also see McQuiggin, 133 S.Ct. at 1936(finding that the *Schlup* standard is demanding and requires strong evidence of actual innocence). In the instant case, Movant has not presented any new and reliable evidence of his actual innocence. Movant argues that he is actually innocent of being a career offender of under the U.S.S.G. The Fourth Circuit has held that "*McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction." United States v. Jones, 758 F.3d 579, 586 (4th Cir. 2014). Accordingly, Movant's claim based upon McQuiggin is without merit.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under

28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 55) and Supplemental Section 2255 Motion (Document No. 63), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

14

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is currently located at FCI Morgantown, and counsel of record.

Date: August 16, 2018.

Omar J. Aboulhosn
United States Magistrate Judge